Michael A. (Brian) HYATT, Relator,

v.

NORTHROP CORPORATION,
et al. Defendants.

No. CV 93–2529–KN.

United States District Court,
C.D. California.

Jan. 17, 1995.

Court **DISMISSES** Plaintiff's First Amended Complaint **WITH PREJUDICE** as against all Defendants.

John C. Ashby, Lillick & Charles, Long Beach, CA, William K. Hanagami, King & Williams, David J. Wilzig, Law Offices of David J. Wilzig, Los Angeles, CA, Phillip E. Benson, Phillip E. Benson Law Offices, Newport Beach, CA, for Michael A. (Brian) Hyatt.

Brad D. Brian, Marc A. Becker, Kristin A. Linsley, Munger Tolles & Olson, Los Angeles, CA, for Northrop Corp.

Andrew F. Puzder, Stradling Yocca Carlson & Rauth, Newport Beach, CA, Aurora Cassirer, Parker Chapin Flattau & Klimpl, New York City, for Kulite Semiconductor.

Peter B. Jones, Jones & Donovon, Irvine, CA, for Solid State Devices Inc.

## ORDER DISMISSING COMPLAINT AGAINST ALL DEFENDANTS

KENYON, District Judge.

■ In this, Plaintiff's third attempt to recover against Defendant Northrop Corporation under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b),[1] Plaintiff alleges various fraudulent acts on the part of Defendants in connection with the Blue Laser, MX Missile, and B1–B Bomber defense programs.[2] On November 21, 1994, Defendants Northrop, Cal–Doran, and SSDI noticed motions to dismiss on various grounds, including res judicata, the statutory bar of 31 U.S.C. § 3730(b)(5),[3] the statute of limitations provisions of 31 U.S.C. § 3731, and Fed.R.Civ.P. 9(b). On December 19, Defendant Kulite noticed a similar motion. Because Plaintiff's claims are, on their face, barred by the statute of limitations, the

### DISCUSSION

Although Defendants raise numerous grounds for dismissing Plaintiff's complaint, the Court need address only one—the statute of limitations. Hyatt's pleadings are vague as to the time they occurred. However, Count Eight specifically alleges that the operative conduct took place "[i]n 1986." Although the other counts do not specify a time, Hyatt was terminated on May 13, 1986. The action was not filed until April 30, 1993. Thus, argues Defendants, all of Hyatt's claims are time barred by the statute of limitations imposed by 31 U.S.C. § 3731(b).

Prior to the 1986 amendments to the False Claims Act, § 3731(b) provided for a six-year statute of limitations for civil actions brought under the Act. Under this provision, all claims arising from conduct occurring before April 30, 1987 would be barred. The 1986 amendments altered § 3731(b) to read:

> A civil action under section 3730 may not be brought—
>
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event 10 years after the date on which the violation is committed,
>
> whichever occurs last.

Defendants argue: (1) the 1986 amendments to the statute of limitations are not to be applied retroactively; and (2) even if the

---

**1.** See *Hyatt v. Northrop Corp.*, CV 86–6437–KN, 1988 WL 156739; *Hyatt et al. v. Northrop Corp.*, CV 87–6892–KN.

**2.** Plaintiff, pursuant to the consent of the United States, has voluntarily dismissed the First and Second Claims for Relief alleging False Claims Act violations against Northrop in connection with the Blue Laser and MX Missile program. Thus the remaining claims in the First Amended Complaint are against Defendant Kulite Semiconductor Product, Inc. and Solid State Devices, Inc. in connection with the MX Missile program (Claims 3 & 4), and against Northrop and Cal–Doran Metallurgical Services, Inc. in connection with the B1–B program (Claims 5–9).

**3.** 31 U.S.C. § 3730(b)(5) bars *qui tam* actions based on facts already the subject of earlier filed actions.

amendments are applied retroactively, Plaintiffs' claims are nevertheless barred.

### A. The Statute of Limitations Amendments Apply Retroactively.

Defendants' first argument concerning the statute of limitations is that the pre–1986 provision applies, because the 1986 amendment does not apply retroactively. However, contrary to Defendants' assertions, the recent Ninth Circuit decision in *Chenault v. United States Postal Service*, 37 F.3d 535 (9th Cir.1994), dictates that the 1986 amendment to the statute of limitations *does* apply retroactively.

■■■■ *Chenault*, interpreting *Landgraf v. USI Film Prods.*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), held that "courts must scrutinize each provision of a given statute to ascertain whether it is 'substantive' or 'procedural' ... [I]f a provision is substantive, a presumption against retroactive application attaches; if it is procedural, a presumption in favor of retroactive application attaches." *Chenault*, 37 F.3d at 538. *Chenault* went on to indicate that statutes of limitation are generally procedural in nature and therefore should be applied retroactively so long as the application does not work to resurrect a "stale" claim or otherwise result in "manifest injustice" and so long as there is "no statutory direction or legislative history to the contrary." *Id.* at 538–39 (citing *Gonzalez v. Aloha Airlines, Inc.*, 940 F.2d 1312, 1316 (9th Cir.1991)). A claim is "stale" if the applicable statute of limitations period expires prior to the enactment of the statutory extension. *See Davis v. Valley Distrib. Co.*, 522 F.2d 827, 830 (9th Cir.1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977) ("It is the general rule that subsequent extensions of a statutory limitation period will not revive a claim previously barred."). Thus, because Hyatt's claims did not become stale prior to the enactment of the 1986 amendments, and because Defendants have not shown that the retroactive application of the amendment would cause "manifest injustice" or would otherwise contravene the legislative intent of the amendment, the 1986 amendments to the statute of limitations apply retroactively.

### B. The Statute of Limitations As Amended Bars Plaintiff's Claims.

Plaintiff asserts that his claims are viable under the amended § 3731(b)(2) because they are not "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances," and are not more than ten years after the cause of action arose. According to Plaintiff, the government did not know the material facts until the filing of Plaintiff's complaint.

Defendants argue, however, that the provision for tolling until discovery "by the official of the United States charged with the responsibility to act in the circumstances" was only intended to extend the ability of the government itself to file suit, and was not intended to extend the statutory period for private individuals. Defendants argue that the legislative history of the 1986 amendments clearly indicate an intent to apply § 3731(b)(2) to actions brought by the government only. Additionally, Defendants argue that the application of § 3731(b)(2) to individual relaters would create absurd results that would be contrary to public policy.

Defendants' historical argument cites both the House and Senate Reports on the 1986 Amendments as evidence that Congress intended the three year from the date of knowledge extension to apply to actions brought by the government only.[4]  Defen-

---

**4.** The relevant portion of the House Report states:

> It was brought to the attention of the Committee that fraud is often difficult to detect and that the statute of limitations should not preclude the Government from bringing a cause of action under this Act if they were not aware of the fraud. The Committee agreed that this was unfair and so expanded the statute of limitations. However, the Committee did not intend to allow the Government to bring fraud actions *ad infinitum*, and therefore imposed the strict 10 year limit on False Claims Act cases.

H.R.Rep. No. 99–660, 99th Cong., 2d Sess. 25 (1986).

dants' policy-based argument is that if the § 3731(b)(2) extension were to allow a relator to bring suit up to three years after the government obtains knowledge, the relator could withhold information from the government for up to ten years, notify the government of the violations, and then bring suit. This, argues Defendants, would enable a relator to control the statutory period herself, and may provide a disincentive to notify the government of the alleged violations soon after they are discovered.

■ Although § 3731(b) states that the statute of limitations provisions contained therein are to apply to "[a] civil action under section 3730," the Court finds that the provisions of § 3731(b)(2), which toll the limitations period until three years after the facts material to the cause of action were known or should have been known by the official of the United States charged with responsibility to act, were only intended to apply to actions brought by the government under § 3730(a), and not to *qui tam* actions brought by private individuals under § 3730(b).

■ The Court recognizes that ordinarily, "[l]egislative intent is 'ascertained from the text of the statute if the words are clear and plain and the whole enactment internally cohesive.'" *Pressley v. Capital Credit & Collection Serv.*, 760 F.2d 922, 924 (9th Cir. 1985) (citation omitted). However, when the "plain meaning" of a statute leads to absurd or futile results, or results "plainly at variance with the policy of legislation as a whole," a court must go beyond the literal language to construe the statute in accordance with its overarching policy. *United States v. American Trucking Ass'ns*, 310 U.S. 534, 543–44, 60 S.Ct. 1059, 10—, 84 L.Ed. 1345 (1940); *Pressley*, 760 F.2d at 924; *Church of Scientology v. United States Dep't of Justice*, 612 F.2d 417, 422 (9th Cir.1979);

*accord Burroughs v. Operating Engineers Local Union No. 3*, 686 F.2d 723, 727 (9th Cir.1982).

Because of the inherent difficulty in detecting fraud, Congress enacted § 3731(b)(2) "to ensure the Government's rights are not lost through a wrongdoer's successful deception." S.Rep. No. 99–345, 99th Cong., 2d Sess. 15 (1986); *see also* H.R.Rep. No. 99–660, 99th Cong., 2d Sess. 25 (1986) (stating that because of the difficulty in detecting fraud "the statute of limitations should not preclude the Government from bringing a cause of action under this Act if they were not aware of the fraud").

However, in actions such as the case at bar, when the relator bringing suit knows the material facts giving rise to the cause of action well prior to three years before bringing the action, the stated purpose of § 3731(b)(2) does not apply. In such cases, it is not the inherent difficulty of discovering fraud that has prevented the government (or its relator) from bringing suit, but rather the relator's own delay in bringing an action under § 3730(b) or otherwise apprising the government of the facts material to the cause of action. Such a delay is actually *harmful* to the government because it prevents the government from knowing about (and hence taking prompt action on) an otherwise discoverable False Claims Act violation.[5]

It is just such a harmful delay that would be facilitated if § 3731(b)(2) were held to apply to actions brought by *qui tam* relaters. Under such a construction, a relator who knows about a False Claims Act violation soon after it occurs could wait up to (just under) ten years before notifying the government of the alleged wrongdoing, and could still file suit as a relator. Such a delay could deprive the government of the ability to

---

The Senate Report states that in response to the government's concerns, the Senate Committee

added a modification to the statute of limitations to permit the Government to bring an action within 6 years of when the false claim is submitted (current standard) or within 3 years of when the Government learned of a violation, whichever is later. The subcommittee agreed that because fraud is, by nature, deceptive, such tolling of the statute of limitations is necessary to ensure the Government's rights are not lost through a wrongdoer's successful deception.

S.Rep. No. 99–345, 99th Cong., 2d Sess. 15 (1986).

5. Such a delay is also harmful to the defendant, because it increases unnecessarily the difficulty in discovering the facts necessary to respond to the charges of fraud.

**488**

prosecute the false claim defendant criminally, *see* 18 U.S.C. §§ 287 & 3282, as well as expose the relator to prosecution for misprision of a felony. *See* 18 U.S.C. § 4. Such a result is clearly contrary to Congress's intent.

In sum, both the legislative history to the 1986 amendments to § 3731(b), as well as the overall policy of the *qui tam* provisions of the False Claims Act (to encourage the prompt disclosure to the government of False Claims Act violations), compel the conclusion that the three year tolling provision of § 3731(b) applies only to actions brought by the government under § 3730(a), and not to *qui tam* actions brought by relaters under § 3730(b).[6]

■ Applying the six year statute of limitations provided by § 3731(b)(1), all of Plaintiff's claims are barred on their face. As discussed above, while Hyatt's pleadings are vague as to the time they occurred, Count Eight specifically alleges that the operative conduct took place "[i]n 1986." Although the other counts do not specify a time, Hyatt was terminated on May 13, 1986. The action was not filed until April 30, 1993.

■ Normally, the burden of proving that the statute of limitations has expired falls on the defendant. *See Bradford–White Corp. v. Ernst & Whinney,* 872 F.2d 1153, 1161 (3d Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989). However, Plaintiff amended his original Complaint after Northrop had filed a motion to dismiss (essentially identical to the present one) challenging the timeliness of Plaintiff's claims. Plaintiff's failure to plead the dates of the alleged occurrences can only be read as an admission that they took place before Plaintiff's termination date in 1986. Additionally, Plaintiff admits in his opposition to Defendants' motions that under a six year statute of limitations his claims would be barred. *See* Plaintiff's Opposition to Northrop's Motion to Dismiss, at 18 (admitting that action

is time barred "if NORTHROP can establish that 'facts material to the right of action are known or reasonably should have been known by the official of the United States charges with responsibility to act in the circumstances' more than three years before the original complaint in this action was filed"); Plaintiff's Opposition to Cal–Doran's Motion to Dismiss, at 10 (same); Plaintiff's Opposition to SSDI's Motion to Dismiss, at 10 (same); Plaintiff's Opposition to Kulite's Motion to Dismiss, at 12 (same).

Accordingly, the Court **DISMISSES** Plaintiff's First Amended Complaint **WITH PREJUDICE** as against all Defendants.

IT IS SO ORDERED.

---

**6.** Plaintiff argues that § 3731(b)(2) must apply to him the same as it applies to the government because he "effectively stands in the shoes of the government" when prosecuting a *qui tam* action under the False Claims Act. *See United States ex rel. Kelly v. Boeing Co.,* 9 F.3d 743, 748 (9th Cir.1993). However, as Defendants correctly

point out, if Plaintiff indeed steps into the shoes of the government for purposes of the applicable statute of limitations, the three year tolling period would begin to run when Plaintiff himself received knowledge of the material facts upon which the lawsuit is based.