UNITED STATES ex rel. Richard SAAF, Plaintiff–Appellant,

v.

LEHMAN BROTHERS, a Delaware corporation, formerly known as E.F. Hutton Group, Inc.; Hutton Subsidized Housing Services, Inc., a Delaware corporation; Hutton Subsidized Housing Partners II, a Delaware limited partnership; Capital Associates Development Corporation, Business Entity of Unknown Form, Defendants–Appellees.

No. 96–16057.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 1997.

Decided Sept. 3, 1997.

Brian C. Leighton, Clovis, California, for the plaintiff-appellant.

Helen L. Duncan, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Los Angeles, California; Michael L. Morkin, Baker & McKenzie, Marshall C. Whitney, McCormick, Barstow, Sheppard, Wayte & Carruth, L.L.P., Fresno, California, for the defendants-appellees.

Before TASHIMA and THOMAS, Circuit Judges, and SEDWICK,* District Judge.

PER CURIAM.

Relator Richard Saaf appeals the district court's dismissal of his qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., on statute of limitations grounds. Based on the principles enunciated in *United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211 (9th Cir.1996), we reverse and remand.

I

 We review de novo a district court's dismissal of an action on statute of limitations grounds. *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir.1997). The district court dismissed Saaf's complaint as violative of the FCA's statute of limitations. The district court held that the tolling provision of 31 U.S.C. § 3731(b)(2) applies only to

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

the government and not to private individuals who bring qui tam actions under the FCA, relying entirely upon *Hyatt v. Northrop Corp.*, 883 F.Supp. 484 (C.D.Cal.1995). We reversed *Hyatt* on this point after the district court decision in this case, holding that (1) the tolling provision of 31 U.S.C. § 3731(b)(2) applies both to the government and to qui tam plaintiffs and (2) as to qui tam plaintiffs, the statute of limitations begins to run when the plaintiff knew or should have discovered the facts underlying the alleged fraud. *United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1218 (9th Cir. 1996). Thus, dismissing Saaf's complaint was inappropriate.

■ Defendants argue that *Hyatt* contains a requirement that fraudulent concealment be established before a plaintiff may avail himself of § 3731(b)(2) tolling. Although fraudulent concealment forms part of the historical rationale for the doctrine of equitable tolling, neither § 3731(b)(2) nor *Hyatt* imposes a requirement that a qui tam plaintiff must allege fraudulent concealment to actuate tolling under the FCA.

## II

■ Although Saaf's complaint does not assert that he relies upon the § 3731(b)(2) tolling provision, Saaf requested leave to amend his complaint during oral argument in the district court to make the requisite tolling allegations. The district court disregarded Saaf's request and dismissed his action, thereby effectively refusing to permit Saaf to amend his complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). The defendants in this case never filed an answer. Instead, they filed a motion to dismiss. "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted). Accordingly, the district court erred in dismissing the action without giving Saaf the opportunity to amend his complaint. *See also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

## III

Arguing that the district court's decision to dismiss under Rule 12(b)(6) "may be affirmed on any ground finding support in the record," *Oscar v. University Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992) (en banc), the defendants urge several alternative bases upon which we may affirm. We find none persuasive. Most are pleading deficiencies that Saaf should be given an opportunity to cure by filing an amended complaint. The most compelling defense—that Saaf was not the original source of the information contained in his complaint as required by 31 U.S.C. § 3730(e)(4)—is premature. While this may prove to be a basis upon which the action should be dismissed, it would be inappropriate to consider it in the absence of an amended complaint, discovery and appropriate findings by the district court.

We reverse the dismissal of Saaf's complaint and remand the case for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**