**UNITED STATES of America ex rel. Jeffrey THISTLETHWAITE and Jeffrey Thistlethwaite, Plaintiffs,**

v.

**DOWTY WOODVILLE POLYMER, LIMITED, Richard Walker and Michael Thompson, Defendants.**

No. 94 CIV. 3521 LLS.

United States District Court, S.D. New York.

June 1, 1998.

**264**

U.S. Atty., Southern District of New York, NY, for U.S.; Jonathan Willens, Gideon A. Schor, of counsel.

Engel & McCarney, New York, NY, for Jeffrey Thistlethwaite; Thomas E. Engel, of counsel.

Crowell & Moring, Washington, DC, for Defendants; Peter J. Romatowski, Stephen M. Byers, James A. Garcia, of counsel.

Richards Spears Kibbe & Orbe, New York, NY, for Defendants; Linda Imes, of counsel.

## OPINION AND ORDER

STANTON, District Judge.

Defendants move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) with respect to all claims based on retroactive application of certain parts of the 1986 amendments to the False Claims Act ("FCA") 31 U.S.C. §§ 3729 *et seq.* Specifically, the defendants claim that the new statute of limitations, enhanced civil penalties, and treble damages provisions do not apply to defendants' conduct before October 27, 1986, and that even if the new statute of limitations does apply, the tolling provision does not benefit the Relator.

## BACKGROUND

In 1974, defendant Dowty Woodville Polymer, Ltd. ("Dowty") co-developed polymer wing slot seals for use in variable geometry aircraft. Since 1984, Dowty has produced thousands of seals for the United States Air Force. The Relator, Jeffrey Thistlethwaite, a former employee of Dowty, commenced this action on May 12, 1994. The United States intervened and filed an Amended Complaint on April 28, 1995. The Amended

Complaint alleges violations of the FCA claiming that Dowty improperly inflated its costs in submitting bills to the United States, used false records and statements to get those bills paid, and conspired to defraud the United States. The government seeks civil penalties and treble damages for all claims dating back to May 12, 1984.

Before the FCA was amended in 1986, the statute of limitations was six years, civil penalties were limited to $2,000 per false claim and the government was entitled to double damages. The 1986 amendments, effective October 27, 1986, retained the six-year base period but added that an action could be brought three years after the government learned of the violation (but in no event over ten years after the violation), raised the civil penalties to not less than $5,000 and not more than $10,000 for each claim, and increased the government's punitive recovery from double to treble damages.

The defendants move for judgment on the pleadings precluding the amendments from being applied to bills submitted or paid before October 27, 1986.

## DISCUSSION

### A. The Statute of Limitations

Before the 1986 amendments, the FCA had a six-year statute of limitations from the date the violation was committed. 31 U.S.C. § 3731(b) (1982 ed.). The amendments changed the law to provide that late discovery by the government might extend the maximum period to ten years:

A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b).

■ After some detours (*e.g., United States v. Pani,* 717 F.Supp. 1013 (S.D.N.Y. 1989)) because of misconceptions following *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the law is now clear that a lengthened statute of limitations is "procedural"—that is, it does not alter substantive rights—and can be applied to pre-existing claims as long as the new statute does not revive claims already barred. Here, the amended statute applies to all claims arising within six years prior to the amendments. Claims which arose prior to that time were foreclosed in 1986 and are now barred under *Hughes Aircraft Co. v. United States ex rel. Schumer,* 520 U.S. 939, ——, 117 S.Ct. 1871, 1878, 138 L.Ed.2d 135 (1997):

> The 1986 amendment would revive that action, subjecting Hughes to previously foreclosed *qui tam* litigation, much like extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action.

*Landgraf v. USI Film Prods.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), stated that changes in the law which "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed" will not apply to conduct before the law's effective date. Such substantive changes do not include a mere extension of the time within which to sue. *See Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 890 (2d Cir.1995) ("Retroactivity concerns, therefore, generally do not bar the application of a changed statute of limitations to a complaint filed after the amendment."); *accord Rowe v. Sullivan,* 967 F.2d 186, 194 (5th Cir.1992);

*Chenault v. United States Postal Serv.,* 37 F.3d 535 (9th Cir.1994).

Therefore, government claims arising on and after May 12, 1984 are timely if the government learned of them on or after May 12, 1991, three years before the action was filed.

**B. Applicability to the Relator**

■ By the clear statutory language, the Relator's time is not extended to three years after the United States official learns of the violation. That provision only applies to the government. *See United States ex rel. Hyatt v. Northrop Corp.,* 883 F.Supp. 484, 487–88 (C.D.Cal.1995) ("*Hyatt I*"), *aff'd on other grounds,* 91 F.3d 1211 (9th Cir.1996).[1] *But see United States ex rel. Sanders v. East Alabama Healthcare Auth.,* 953 F.Supp. 1404, 1413 (M.D.Ala.1996) (a *qui tam* plaintiff must bring suit within three years after he learned of the material facts or within three years after the responsible government official learned or should have learned of the facts).

■ The Relator says the defendants have no standing to raise this issue. On the contrary, a defendant has standing to limit claims asserted against it by any plaintiff to those claims available to that plaintiff under the statute of limitations, and to prevent that plaintiff from participating as a party in the prosecution of claims from which that plaintiff is barred. The right to be free of litigation gives one standing, let alone the prospect of a future claim for attorneys' fees.

The Relator's time, under the statute of limitations, goes back six years from his May 1994 suit, i.e., to May 12, 1988.[2]

**C. The Increased Penalties and Damages**

■ The enhanced penalties under the amendments increase the defendants' liabili-

---

**1.** In *United States ex rel. Hyatt v. Northrop Corp.,* the Ninth Circuit overruled this portion of Hyatt I, and stated that the tolling provision applies for the benefit of the relator as well as the government, and that the three-year extension begins to run upon the relator's knowledge of false claims. However, Ninth Circuit precedent is not binding here, and the holding in Hyatt I more closely adheres to the language of the statute.

**2.** Because the Relator had no chance to reply to defendants' argument that fraudulent concealment does not toll the FCA's statute of limitations, he has leave to move *in limine* to renew his fraudulent concealment claim, if he is so advised.

ty for past actions and, under *Landgraf* and *Hughes Aircraft,* cannot be applied retroactively.

The government agrees.

Thus, treble damages up to the effective date of the 1986 amendments (October 27, 1986) are recoverable only under the Department of Defense Authorization Act of 1986—from November 8, 1985. The enhanced civil penalties are not recoverable for conduct before October 27, 1986.

So ordered.