United States Court of Appeals,

Fifth Circuit.

No. 91-5013.

Forest Henry SHIPES, et al., Plaintiffs-Appellants,

v.

TRINITY INDUSTRIES, Defendant-Appellee.

Sept. 14, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before WISDOM, JOLLY, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

I

The issue before us today is whether section 113(b) of the Civil Rights Act of 1991 ("1991 Act")—providing for payment of expert witness fees as part of costs—should apply "retroactively" in this case where both the relevant conduct (i.e., the race discrimination) and the trial court's ruling (denying the fee request) occurred before the effective date of the 1991 Act.[1] Section 113 of the 1991 Act provides for the award of reasonable attorney's fees "(including expert fees)" under 42 U.S.C. § 2000e-5(k).[2] We originally withheld the disposition of this one issue because the Supreme Court had granted certiorari in *Landgraf v. USI Film Prods.*[3] in order to address the retroactive application of the 1991 Act. Now that *Landgraf* has been decided,[4] we direct our attention to this remaining issue, holding that section 113(b) of the 1991 Act *does not apply* under the facts presented

---

[1]This issue was originally raised on cross-appeal by plaintiffs-appellees, Forrest Henry Shipes, et al., in the case of *Shipes v. Trinity Indus.,* 987 F.2d 311 (5th Cir.1993). The cross-appeal, however, was severed from that case on motion of plaintiffs-appellees and by order of this court. *See id.* at 311 n. *. The underlying facts that gave rise to this action and the procedural history of this case are reported therein. *See id.*

[2]Shipes sought to recover $63,305.91 in expert witness fees.

[3]968 F.2d 427 (5th Cir.1992), *cert. granted,* in part, 507 U.S. ----, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993).

[4]*See* --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

in this case.  Accordingly, we affirm the judgment of the district court.

II

At the time of this appeal, this circuit had decided that various sections of the Civil Rights Act of 1991 did not apply retroactively.[5]  As previously noted, however, we withheld our disposition of the issue in the present case, on motion of the parties, to await guidance from the United States Supreme Court.  Since that time, the Supreme Court has addressed the issue of retroactive application of certain provisions of the 1991 Act.  The Court held that sections 101[6] (defining the term "make and enforce contracts") and 102[7] (relating to jury trials and damages) are not retroactive, that is, neither section applies to cases involving discrimination that occurred before the effective date of the 1991 Act.  The Supreme Court, however, explicitly left open the question of whether the remaining provisions of the 1991 Act apply to cases that involve pre-enactment conduct.[8]  Thus, in the light of the Supreme Court's analysis in *Landgraf* and *Rivers,* we must now decide how to apply retroactivity principles to section 113 of the 1991 Act, which provides for the award of expert witness fees.

The tension in determining the application of the rule of retroactivity arises because of two,

---

[5]*See Landgraf v. USI Film Prods.,* 968 F.2d 427 (5th Cir.1992) (sections 102(a)(1) and 102(c) do not apply retroactively);  *Rowe v. Sullivan,* 967 F.2d 186 (5th Cir.1992) (section 114(1) does not apply retroactively);  *Johnson v. Uncle Ben's, Inc.,* 965 F.2d 1363, 1372 (5th Cir.1992) (section 101(2)(b) does not apply retroactively);  *Valdez v. San Antonio Chamber of Commerce,* 974 F.2d 592, 594-95 (5th Cir.1992) (sections 101(2)(b) and 102(c)(1) do not apply retroactively);  *Wilson v. UT Health Ctr.,* 973 F.2d 1263, 1267 (5th Cir.1992) (section 102(c) does not apply retroactively);  *Wilson v. Belmont Homes, Inc.,* 970 F.2d 53, 56 (5th Cir.1992) (section 102 does not apply retroactively).

[6]*See Rivers v. Roadway Express, Inc.,* --- U.S. ----, 114 S.Ct. 1510, 128 L.Ed.2d 174 (1994).

[7]*See Landgraf,* --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

[8]The Court stated:

> [T]here is no special reason to think that all the diverse provisions of the Act must be treated uniformly for such purposes.  To the contrary, we understand the instruction that the provisions are to "take effect upon enactment" to mean that courts should evaluate each provision of the Act in light of ordinary judicial principles concerning the application of new rules to pending cases and pre-enactment conduct.

*Landgraf,* --- U.S. at ----, 114 S.Ct. at 1505.

seemingly conflicting, cannons of statutory construction.  The first is that "a court is to apply the law in effect at the time it renders its decision." *Bradley v. School Board of the City of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).  The second is that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).  *Landgraf* provides that in order to resolve this tension and determine whether to apply an intervening statute in any given case, we must decide whether the intervening statute has a "genuinely "retroactive' effect." *Landgraf,* --- U.S. at ----, 114 S.Ct. at 1503.  An intervening statute should not apply to a pending case if application of the statute would

> impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.

*Landgraf,* --- U.S. ----, 114 S.Ct. at 1505.

Based on this language, Trinity Industries ("TI") argues that section 113 should not be applied in the present case.  TI's argument is that application of section 113 to the present case would have a "genuinely retroactive effect" because it would increase TI's liability for its past conduct by as much as $63,305.91, the amount that the plaintiffs seek to recover for expert witness fees.  In our circuit, it is clear that before the passage of the 1991 Act, a plaintiff could not recover expert witness fees.  *See International Woodworkers of America v. Champion International Corp.,* 790 F.2d 1174 (5th Cir.1986) (*en banc* ), *aff'd sub nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Although TI's argument finds strong support in various sections of the *Landgraf* opinion, we conclude that its analysis is nevertheless inconsistent with other discussions and analyses set out in that opinion.  Specifically, TI's analysis is inconsistent with that part of the Court's opinion reaffirming that *procedural* changes usually should be applied to pending cases.  The court stated that

> Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity....  Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive.

*Landgraf,* --- U.S. at ----, 114 S.Ct. at 1502. (footnote omitted) (citations omitted).  Further, the

Court concluded that an intervening rule concerning attorney's fees was just such a procedural rule, stating that "[a]ttorney's fee determinations ... are "collateral to the main cause of action' and "uniquely separable from the cause of action to be proved at trial.' " *Landgraf,* --- U.S. at ----, 114 S.Ct. at 1503 (citing *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)).

Yet the Court noted further that not all new procedural rules should apply to all pending cases. *Landgraf,* --- U.S. at ---- n. 29, 114 S.Ct. at 1502 n. 29. More to our point, the Court indicated that when a procedural matter has been properly decided under the old rule, and a new procedural rule is subsequently enacted while the ultimate resolution of the case is still pending, no reversal is required. *Id.*

In the present appeal, the order denying expert witness fees was entered on December 23, 1987, at the close of the liability phase of the trial—almost three years before the enactment date of the 1991 Act.[9] Thus, in this case, where the district court correctly decided the issue of expert fees under the law that was undeniably applicable at the time it ruled, the district court committed no reversible error. We, therefore, find it unnecessary to decide in this case whether, in other cases based on preenactment discrimination, section 113 would apply to applications for expert witness fees, when such applications are ruled on *after* the 1991 Act's enactment date.

### III

In sum, we hold that the district court committed no reversible error, because at the time of its decision, the 1991 Act clearly did not apply. The district court properly decided the issue of expert witness fees based on the law applicable at the time it made its decision, and its ruling is therefore

AFFIRMED.

---

[9]The President signed the 1991 Act into law on November 21, 1991.