**Stanley CHENAULT, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
Defendant–Appellee.**

No. 92–35128.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 1994 *.

Decided Oct. 6, 1994.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

**536**

Glenn N. Solomon, Portland, OR, for plaintiff-appellant.

Michael S. Rabb, Deborah Ruth Kant and Marleigh D. Dover, U.S. Dept. of Justice, Washington, DC, Judith D. Kobbervig, Asst. U.S. Atty., Portland, OR, Alice L. Covington and Beth McGarry, U.S. Postal Service, San Bruno, CA, for defendant-appellee.

Before: ALDISERT **, TANG and THOMPSON, Circuit Judges.

ALDISERT, Circuit Judge.

This appeal by Stanley Chenault from the district court's denial of his motion to amend his complaint and dismissal of his action after a two-day bench trial by a magistrate judge requires us to determine whether certain sections of the Civil Rights Act of 1991 may be applied retroactively. Specifically, we must examine Section 102, which provides for compensatory and punitive damages as well as a jury trial in employment discrimination cases, Section 107, which creates a new framework for analyzing mixed-motive discrimination claims, and Section 114(1), which extends the period for filing discrimination claims against the federal government from 30 days to 90 days, in light of *Landgraf v. USI Film Prods.,* — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) and *Rivers v. Roadway Express, Inc.,* — U.S. —, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). We conclude that none of the sections in question may be applied retroactively and therefore affirm the judgment of the district court.

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 794a(a)(1). We have jurisdiction under 28 U.S.C. § 1291. Appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

I.

In August 1989, after exhausting his administrative remedies, Stanley Chenault brought suit against the United States Postal Service alleging that it constructively discharged him from his position as a distribution clerk and failed to provide him a reasonable accommodation for his handicap under the Rehabilitation Act of 1973, which forbids discrimination of government employees on the basis of a handicap. The district court dismissed Chenault's failure-to-accommodate claim as time-barred in February 1991 because he did not bring his action against the government within 30 days of the final ad-

** Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by

designation.

ministrative decision, as required by the statute in effect at the time. *See* 42 U.S.C. § 2000e–16(c) (1980). It also concluded that Chenault was not entitled to equitable tolling of the 30–day limitations period.[1] On November 7, 1991, while Chenault's constructive discharge claim was still pending, the Civil Rights Act of 1991 was signed into law effective immediately, significantly restructuring existing federal prohibitions against employment discrimination. In December 1991, shortly before his case was to go to trial, Chenault moved to amend his complaint based on the passage of the Civil Rights Act of 1991. He argued that his failure-to-accommodate claim should be reinstated because he now had 90 days to file his complaint under Section 114(1) of the Act, that he was now entitled to compensatory damages in the amount of $300,000 and punitive damages in the amount of $50,000 under Section 102, and that the court was compelled to evaluate his claim of employment discrimination under the standard of review set forth in Section 107.

The district court denied Chenault's motion at a pretrial conference and ruled that the Civil Rights Act of 1991 did not apply to his case because the action was pending when the Act became law. A magistrate judge conducted a two-day bench trial thereafter and ruled against Chenault on his remaining claims. The district court dismissed the action on December 20, 1991 and Chenault appealed from this final judgment, alleging that the court erred in concluding that Sections 102, 107 and 114 could not be applied to cases pending at the time of enactment. We entered an order removing the case from the oral argument calendar pending Supreme Court consideration of the retroactivity of the Civil Rights Act of 1991. In April 1994, the Court decided that Sections 101 and 102 of the Act do not apply to cases arising before November 21, 1991. *Landgraf,* —— U.S. ——, 114 S.Ct. 1483; *Rivers,* —— U.S. ——, 114 S.Ct. 1510.

■ Whether a statute may be applied retroactively is a question of law this court reviews de novo. *United States v. Alpine* *Land & Reservoir Co.,* 878 F.2d 1217, 1222 (9th Cir.1989).

## II.

The Court held in *Landgraf* that Section 102 of the Act may not be applied retroactively, stating "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." —— U.S. at ——, 114 S.Ct. at 1500 (*quoting Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988)). It held that "prospectivity remains the appropriate default rule" and that there can be no retroactive application unless their is "clear intent" by Congress. *Id.* at ——, 114 S.Ct. at 1501. The Court emphasized the "well-settled presumption against application of the class of new statutes that would have genuinely 'retroactive' effect." *Id.* at ——, 114 S.Ct. at 1503. To have a genuinely "retroactive" effect, the Court held that the newly enacted rule must "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at ——, 114 S.Ct. at 1505.

Had the Court ended its discussion at this point, our task would be simple: Because Congress did not express a "clear intent" to have any provision of the Civil Rights Act of 1991 apply retroactively, the Act in its entirety may not apply to cases pending at the time of its enactment. Indeed, this is the interpretation of some courts of appeals. *See, e.g., Cross v. State of Alabama,* No. 92–7005, 1994 WL 424303 at *19 (11th Cir. Aug. 30, 1994). However, the Court did not decide that the Act *in toto* may not apply retroactively, rather it instructed courts to "evaluate each provision of the Act in light of ordinary judicial principles concerning the application of new rules to pending cases and pre-enactment conduct." *Landgraf,* —— U.S. at ——, 114 S.Ct. at 1505.

The Court then suggested that these "ordinary judicial principles" should be informed by whether a particular provision is substan-

---

**1.** Appellant does not challenge this conclusion on   appeal.

tive or procedural in nature: "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* at ——, 114 S.Ct. at 1502. For example, in rejecting the argument that Section 102 of the Act applied retroactively, the Court stated that "[i]f Section 102 did no more than introduce a right to jury trial in Title VII cases, the provision would presumably apply to cases tried after November 21, 1991, regardless of when the underlying conduct occurred. However, because Section 102(c) makes a jury trial available only '[i]f a complaining party seeks compensatory or punitive damages,' the jury trial option must stand or fall with the attached damages provisions [which are substantive]." *Id.* at ——, 114 S.Ct. at 1505 (footnote omitted). The Court noted that "[w]e have sometimes said that ... new 'procedural' [statutes] should presumptively apply to pending cases." *Id.* at —— n. 37, 114 S.Ct. at 1507 n. 37.

■ *Landgraf* created a scheme whereby courts must scrutinize each provision of a given statute to ascertain whether it is "substantive" or "procedural," and implied that if a provision is substantive, a presumption against retroactive application attaches; if it is procedural, a presumption in favor of retroactive application attaches.

### III.

With these precepts in mind, we must now examine the three sections of the Act that are the subject of this appeal.

■ At the very least, *Landgraf* squarely stands for the proposition that Section 102, which affords discrimination plaintiffs additional damages remedies, is a substantive amendment and may not be applied retroactively. Thus, the district court did not err in concluding that Section 102 did not apply to Chenault's action.

■ Nor do we have any difficulty concluding that Section 107 may not be applied retroactively. Section 107 permits a finding that an employer has committed an unlawful employment practice whenever an improper

consideration is a "motivating factor" in an employment decision, regardless of whether the employer would have taken the same action in the absence of the improper consideration:

> [B]ecause under prior law a finding that an employer would have reached the same employment decision absent the improper motivating factor rendered the employer free from any liability, not merely free from liability for certain remedies, *see Price Waterhouse [v. Hopkins],* 490 U.S. [228,] 258, 109 S.Ct. [1775,] 1794–95 [104 L.Ed.2d 268] [ (1989) ], we must conclude that § 107 alters the legality of the employer's conduct and thus affixes new legal consequences to past conduct.

*Preston v. Commonwealth of Virginia,* 31 F.3d 203, 207–08 (4th Cir.1994); *see also Hook v. Ernst & Young,* 28 F.3d 366, 368 (3d Cir.1994) ("We conclude that Section 107 does not govern this case because that section does not apply to conduct occurring prior to enactment in 1991.").

■ The most difficult question before us is the potential retroactivity of Section 114(1), which extends the filing period in employment discrimination cases against the government from 30 days to 90 days. We have previously suggested that a rule extending a statute of limitations is procedural in nature and therefore, that application of such a rule to pending cases is acceptable if such application would not "result in manifest injustice" and there is no "statutory direction or legislative history to the contrary." *Gonzalez v. Aloha Airline, Inc.,* 940 F.2d 1312, 1316 (9th Cir.1991) (*quoting Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)). In *Gonzalez,* we applied a two-year limitations period retroactively because, at the time the appellant filed his suit, "the statute of limitations for EPP claims had not yet been established" and, consequently, "there was no prejudice to the [appellee] in the application of the two-year limitations period." *Id.* However, we have recognized that a statute of limitations may not be applied retroactively to revive a claim that would otherwise be stale under the old scheme:

The court concluded that since a statute of limitations is procedural in nature, it is accorded retroactive effect because it does not affect substantive rights. [*FDIC v. Howse*, 736 F.Supp. 1437, 1446 (S.D.Tex. 1990)]. *Cf. FDIC v. Bancinsure*, 770 F.Supp. 496, 499 (D.Minn.1991) (holding that FIRREA's limitations period applies retroactively so long as retroactive application does not revive a "stale" claim; claims are stale if the applicable limitations period expired prior to the FDIC's appointment as receiver).

*FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 487 (9th Cir.1991) (footnote omitted). *See also Bulgo v. Munoz*, 853 F.2d 710, 715 (9th Cir.1988) (declining to give retroactive effect to amendment to statute of limitations which would have revived plaintiff's barred claim); *Davis v. Valley Distrib. Co.*, 522 F.2d 827, 830 (9th Cir.1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977) ("It is the general rule that subsequent extensions of a statutory limitation period will not revive a claim previously barred").

Other courts of appeals have agreed with our position as it specifically relates to Section 114(1) of the Act:

[Appellant] argues that the issue of whether the time limit is 30 or 90 days is procedural. This would certainly be the case if the Act had been signed into law during the 30 day period in which [appellant] could have timely filed a request for reconsideration. [Appellant], however, attempts to use the Act to revive a right which we have determined to have been extinguished under the law as it was at the time of the events in question. Therefore, this issue has substantive attributes.

*Rowe v. Sullivan*, 967 F.2d 186, 194 (5th Cir.1992); *see also Shipes v. Trinity Indus.*, 31 F.3d 347, 349 (5th Cir.1994).

We do not find the substantive/procedural dichotomy helpful in deciding this case. Regardless of whether a statute is "substantive" or "procedural," it may not apply to cases pending at the time of enactment if the new statute would prejudice the rights of one of the parties. If it is procedural, application may not "result in a manifest injustice." *Gonzalez*, 940 F.2d at 1316. If it is substantive, application may not "attach[ ] new legal consequences to events completed before its enactment, ... impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Rodriguez v. General Motors Corp.*, 27 F.3d 396, 398 (9th Cir.1994) (quoting *Landgraf*, —— U.S. at ——, ——, 114 S.Ct. at 1499, 1505).

A newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought under the old statutory scheme because to do so would be manifestly unjust. *See Hartford Cas. Ins. Co. v. FDIC*, 21 F.3d 696, 702 (5th Cir.1994). Conversely, we hold that a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would "alter the substantive rights" of a party and "increase a party's liability." In this case the rights of the defendant would be altered and its liability increased because it would be forced to defend an action that was previously time-barred. *See FDIC v. Belli*, 981 F.2d 838, 842–43 (5th Cir.1993) (applying a statute extending the statute of limitations retroactively to pending cases except where to do so would revive an expired claim).

Chenault failed to timely pursue his failure-to-accommodate claim within the 30 days designated under the original statutory scheme. This untimely claim may not be revived by retroactive application of the newly enacted 90–day statute of limitations. Consequently, the district court properly concluded that the 90–day filing period of Section 114(1) did not apply to Chenault's action.

IV.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

For the foregoing reasons, we AFFIRM the judgment of the district court.