99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karimireddy K. REDDY, Plaintiff-Appellant,
v.
Mike ESPY, Secretary, Department of Agriculture, Defendant-Appellee.
 No. 95-16351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 16, 1996.
 
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Karimireddy Reddy appeals from the district court's judgment entered in favor of the Department of Agriculture (Department) following a bench trial for Reddy's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 The district court found that the Department "terminated [Reddy] because of poor performance, and would have done so had he been of North American national origin." "Because a finding of discrimination is a finding of fact," we review this determination for clear error. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 3
 Reddy resorts to a discussion of burden shifting procedures in an effort to show a need for reversal. But here, we are not dealing with trial court decisions during the application of the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), shifting of the burden to go forward with evidence. On the contrary, the trial court had heard all the evidence and had only to decide "whether the defendant intentionally discriminated against the plaintiff." United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983) (Aikens) (quotation omitted). Thus, when we review the findings and conclusions of the district judge, the McDonnell Douglas burden shifting is an irrelevant consideration. Aikens, 460 U.S. at 713-14; Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1492 (9th Cir.1986).
 
 
 4
 In making factual findings, it is appropriate to consider the Department's action as a whole, which may not necessarily be dictated by the acts of one or a few Department officials. Gilligan v. Department of Labor, 81 F.3d 835, 839 (9th Cir.1996).
 
 
 5
 Here, the burden of proof was upon Reddy to prove his case. Aikens, 460 U.S. at 715. The district court went even farther and found that the Department "proved that [Reddy's] job performance was in fact poor," and that "Ms. Selk recommended [Reddy's] removal based upon his poor job performance." The district court acknowledged that Ms. Selk, Reddy's supervisor, uttered racial slurs about him, but found "that the prejudice that caused the remark[s] was [not] a motivating factor in the termination," but rather "the termination was motivated by Dr. Reddy's poor performance." As an alternative finding, the district court also found that even if Ms. Selk's bias "partially motivated Dr. Reddy's termination," the Department still would have terminated Reddy due to his poor performance regardless of any racial animosity. Such a finding, if not clearly erroneous, precludes a "mixed motive" claim. Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989).
 
 
 6
 After a review of the record, we conclude that the district court did not clearly err in any of its findings. We do not condone the odious statements of Ms. Selk. But there was ample evidence that Reddy was terminated solely due to his poor performance. He continually had problems communicating with the owners of the processing plants that he inspected. He also neglected to follow Department instructions regarding his travel expenses and his sampling of products.
 
 
 7
 Most important for a food technologist, Reddy failed to ensure the safety of the food that left the processing plants. At the Henderson plant, Ms. Selk found mold on food about to be shipped. At the C & R Meats plant, Ms. Selk found evidence of snail and slug infestation. At the Coast Sausage plant, Ms. Selk found evidence of rat infestation. Considering that the primary goal of a food technologist is to "[p]revent unwholesome products from reaching the consumer," the Department had good reason to fire Reddy, a probationary employee. The district court did not clearly err when it found that the Department fired Reddy for his poor performance.
 
 
 8
 The district court also correctly held that section 107 of the Civil Rights Act of 1991 does not apply retroactively. Chenault v. United States Postal Service, 37 F.3d 535, 538 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4