107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
F. Farah ETEMAD, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA DEPARTMENT OF WATER RESOURCES CONTROL
BOARD, Defendant-Appellee.
 No. 95-56238.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 F. Farah Etemad appeals pro se the district court's judgment for the California Water Resources Control Board ("Board") following a bench trial in Etemad's Title VII action against the Board alleging gender, race, and national origin discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Etemad contends that the district court erred by (1) denying her motions for additional discovery and appointment of counsel; (2) failing to find that Tom Mitchell, a Board employee and Etemad's former supervisor, had improperly destroyed evidence; (3) implicitly finding that Mitchell was a credible witness; and (4) denying her motion for a jury trial. These contentions lack merit.
 
 
 4
 We review for clear error a district court's factual findings following a bench trial and its legal conclusions de novo. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We review for abuse of discretion a district court's decision to deny a motion seeking appointment of counsel pursuant to 28 U.S.C. § 1915(d), Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991), and its decision to deny a party additional discovery, see Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir.1996).
 
 
 5
 Because Etemad has not demonstrated actual and substantial prejudice, we conclude that the district court did not abuse its discretion by denying her motion seeking additional discovery. See id. Specifically, Etemad has not indicated how and why additional discovery of specific material would have altered the outcome of the trial in her favor. See Martel v. County of Los Angeles, 56 F.3d 993, 995-97 (9th Cir.) (en banc), cert. denied, 116 S.Ct. 381 (1995).
 
 
 6
 Because Etemad failed to demonstrate that she lacked the legal knowledge and sufficient ability to articulate her claims pro se and that she would likely succeed on the merits of her claims, we conclude that the district court did not abuse its discretion by denying her section 1915(d) motion seeking appointment of counsel. See Terrell, 935 F.2d at 1017.
 
 
 7
 Upon our review of the record, we conclude that the district court did not clearly err by (1) finding that Mitchell had not intentionally destroyed evidence to obstruct justice; and (2) implicitly finding that Mitchell was a credible witness. See United States v. Murdoch, 98 F.3d 472, 475-77 (9th Cir.1996); Magnuson, 85 F.3d at 1428.
 
 
 8
 Because Etemad's action accrued when Title VII plaintiffs were not entitled to jury trials, we conclude that the district court properly denied her motion for a jury trial. See Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1505-08 (1994); Chenault v. United States Postal Serv., 37 F.3d 535, 537-38 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3