In re PINTLAR CORPORATION;
Gulf USA Corp., Debtors.

Bernard GOODSON; Ford Elsaessar;
Lowell Finley; and Jay J. Miller, as
Trustees, Plaintiffs–Appellees,

v.

David J. ROWLAND; Jeremy E. James;
David L. Hudd; Derek J. Moran,
Defendants–Appellants.

In re PINTLAR CORPORATION;
Gulf USA corp., Debtors.

Bernard GOODSON; Ford Elsaessar;
Lowell Finley; and Jay J. Miller, as
Trustees, Plaintiffs–Appellees,

v.

David J. ROWLAND; Jeremy E. James;
David L. Hudd; Derek J. Moran,
Defendants,

and

Inoco Plc, a United Kingdom corporation,
Defendant–Appellant.

Nos. 96–36062, 96–36063.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept.
9, 1997 (No. 96–36062).

Submitted on the Briefs Sept.
9, 1997 * (No. 96–36063).

Decided Nov. 3, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Lawrence E. Carnevale, Carter, Ledyard & Milburn, New York City; John T. Mitchell, Mitchell & Mitchell, Coeur D'Alene, Idaho, for defendants-appellants.

Richard W. Reinthaler, New York City; Dianne Coffino, New York City; Ramona S. Neal, Givens, Pursley & Huntley, Boise, Idaho, for plaintiffs-appellees.

Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** Senior District Judge.

WILLIAM W SCHWARZER, Senior District Judge.

We must decide whether the bankruptcy court had personal jurisdiction of the defendants in this adversary proceeding under Bankruptcy Rule 7004(f), as amended subsequent to the commencement of this action.

## I. Procedural Background

Plaintiffs are the trustees of a litigation trust (the Trustees) who brought this adversary proceeding against defendants David J. Rowland, Jeremy E. James, David L. Hudd, Derek J. Moran (the Rowland Directors) and Inoco Plc (Inoco) to recover certain assets belonging to debtors Gulf USA Corporation (Gulf) and its subsidiary, Pintlar Corporation (Pintlar). The amended complaint alleged counts for fraudulent conveyance under Bankruptcy Code sections 544, 548 and 550, and for misrepresentation, breach of fiduciary duties, civil conspiracy, breach of contract and violation of Delaware corporation law.

** Honorable William W Schwarzer, Senior United States District Judge for the Northern District of

The bankruptcy court granted defendants' motion to dismiss count II (corporate waste and mismanagement) for lack of personal jurisdiction but denied the motion with respect to the other counts. On interlocutory appeal, the district court affirmed the bankruptcy court's order as to all counts except count VI (breach of contract), dismissing that count, and count II (corporate waste and mismanagement), reinstating that count. The district court certified its order for interlocutory appeal and we granted the Rowland Directors and Inoco permission to appeal under 28 U.S.C. § 1292(b); the Trustees do not appeal the dismissal of the breach of contract count.

## II. Factual Background

The Rowland Directors are foreign citizens who reside outside of the United States. Inoco is a publicly traded United Kingdom corporation, headquartered in England. At all relevant times, the Rowland Directors were officers of Inoco and Rowland, through intermediaries, owned a controlling interest in Inoco. The Rowland Directors acquired control of Gulf in 1989 when Inoco, through a subsidiary, purchased 34% of Gulf's outstanding shares. At the time, Gulf had assets exceeding $177 million but it also had potentially large liabilities. These liabilities arose out of the former ownership of the Bunker Hill mine by Gulf's subsidiary, Pintlar. They largely involve claims for environmental damage caused by the Idaho operations of Bunker Hill and claims for medical and pension benefits by its retired Idaho employees. The creditors holding these claims are beneficiaries of the plaintiff Litigation Trust.

In their complaint, the Trustees allege that the Rowland Directors and Inoco, after taking control of Gulf, engaged in a course of conduct designed to loot and waste the assets of the company. They allege that the defendants entered into a series of transactions by which they transferred Gulf's assets into their control. When creditors became concerned over Gulf's ability to meet its obligations, Rowland sent a letter to former em-

California, sitting by designation.

ployees of Bunker Hill in Idaho, assuring them that Gulf would meet its obligations for employee benefits and environmental clean-up, assurances alleged to be false and fraudulent. In 1991, the Rowland Directors sold Inoco and their shares in Gulf. In 1993, involuntary bankruptcy petitions were filed against Gulf and Pintlar in the District of Idaho. This adversary proceeding followed. In it the Trustees seek to recover for the benefit of the Litigation Trust the assets of Gulf and Pintlar, which they claim were looted by defendants.

The district court held that the Idaho contacts of Rowland, Hudd and James were sufficient to find that they purposefully availed themselves of the Idaho forum. With respect to Moran and Inoco, the court found that, although they were not alleged to have taken actions directed at Idaho, the allegations of conspiracy were sufficient to satisfy the purposeful availment test. Parsing the controlling factors, the court concluded that the exercise of specific personal jurisdiction over the defendants under the Idaho long-arm statute would not be unreasonable and held them subject to personal jurisdiction on all claims other than the contract claim. We affirm, but on a different ground.

### III. Standard of Review

■ We review the district court's dismissal for lack of personal jurisdiction *de novo. Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269 (9th Cir.1995). Factual findings underlying the judgment are reviewed for clear error. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 78 n. 2 (9th Cir.1987). Plaintiffs have the burden of establishing personal jurisdiction but need to make only a prima facie showing of jurisdictional facts to avoid a motion to dismiss. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990). All factual disputes are resolved in favor of the Trust. *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

### IV. Personal Jurisdiction under Bankruptcy Rule 7004(f)

#### A. Application of the Rule to the Pending Action

■ In 1994, when the Trustees commenced this action, Fed. R. Bankr.P. 7004(g) incorporated Fed.R.Civ.P. 4 "in effect on January 1, 1990, notwithstanding any amendment ... subsequent thereto." Rule 4, as of 1990, did not authorize personal jurisdiction over nonresidents on the basis of national contacts, in the absence of statutory authority. The rule was amended, however, effective December 1, 1996.[1] The amendment added a new Rule 7004(f), which incorporates Rule 4 without any limitation. Rule 4 in turn had been amended in 1993 by the addition of Rule 4(k)(2) which provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed.R.Civ.P. 4(k)(2). Thus, so long as the exercise of jurisdiction is consistent with the Constitution, personal jurisdiction may be obtained over nonresidents sued on a federal claim who are served in conformity with Bankruptcy Rule 7004(a) and Fed.R.Civ.P. 4(f). *See* Fed.R.Civ.P. 4(k)(2) advisory committee's note (1993 Amendments) (stating that the rule authorizes "jurisdiction over the person of any defendant against whom is made a claim arising under any federal law if that person is subject to personal jurisdiction in no state.").

■ The threshold question is whether the new Rule 7004(f) may be applied to an action commenced in 1994. The Supreme Court's order adopting the amended rules states that they should "govern all proceedings ... thereafter commenced and, *insofar as just and practicable,* all proceedings in bankruptcy then pending." Communication from the Chief Justice, *Amendments to the Federal*

---

1. The district court took note of the forthcoming amendment but its order was issued before the effective date of the amendment.

*Rules of Bankruptcy Procedure that Have Been Adopted by the Court,* at 2, Apr. 24, 1996 (emphasis added). Application of the rule to this action therefore turns on whether it would be just and practicable. While in some circumstances we would remand so that the district court may exercise its discretion, we see no need to do so here. Remand is not necessary where the issue has been fully briefed on appeal, the record is clear and remand would "impose needless additional expense and delay...." *Foster v. Skinner,* 70 F.3d 1084, 1089 (9th Cir.1995) (citing *Roundtree v. United States,* 40 F.3d 1036, 1040 (9th Cir.1994)); *Hoffman v. GMAC,* 814 F.2d 1385, 1387 (9th Cir.1987).

This appeal is interlocutory and is limited to the issue of personal jurisdiction. Both sides have thoroughly briefed the issue, and applying the rule to this action is plainly practicable. Defendants argue, however, that to do so would be prejudicial because the claims against them would otherwise be barred by the prior rule. Their reliance on *Chenault v. USPS,* 37 F.3d 535 (9th Cir. 1994), is misplaced. We held there that a newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought "because to do so would be manifestly unjust." *Id.* at 539. This clearly is not such a case. As the Supreme Court stated in *Landgraf v. USI Film Products,* 511 U.S. 244, 274, 114 S.Ct. 1483, 1501, 128 L.Ed.2d 229 (1994), "[w]e have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.... Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *See also Duldulao v. INS,* 90 F.3d 396, 399 (9th Cir.1996) (stating that "the 'presumption against retroactive application of new legislation to pending cases ... does not apply to rules conferring or withdrawing jurisdic-

tion.'" (citation omitted)); *Arrowhead Estates Dev. Co. v. United States Trustee,* 42 F.3d 1306, 1311 (9th Cir.1994) (same); *Friel v. Cessna Aircraft Co.,* 751 F.2d 1037, 1039 (9th Cir.1985) (stating that "when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases"); *see also Driscoll v. Gebert,* 458 F.2d 421(9th Cir.1972)(holding that newly enacted California long-arm statute applied to previously filed pending action).

Defendants' argument that they could not reasonably have expected being haled into court in Idaho is unpersuasive since they had at least to reckon with application of the Idaho long-arm statute to their dealings affecting Idaho creditors. None of the defendants offer facts to show that they would have behaved differently had they expected Rule 7004(f) to apply or that they have been otherwise prejudiced. *See McGee v. International Life Ins. Co.,* 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (stating that defendant "had no vested right not to be sued in California."). Weighing against defendants' arguments, moreover, is the policy favoring, in the interest of economy and efficiency, consolidation in a common forum of all litigation relating to a bankruptcy-as opposed to having it dispersed across two continents.[2]

### B. *Applicability of the Rule*

All of the requisite elements of Rule 4(k)(2) are present and not contested, except for Inoco's contention that it lacks sufficient contacts with the United States. The complaint alleges claims arising under federal law (11 U.S.C. §§ 544, 548 and 550), and defendants' position is that they are not subject to the jurisdiction of Idaho (and, so far as appears in the record, of any other state). The Rowland Directors do not challenge the constitutional basis for personal jurisdiction over them in the United States. With respect to their contacts and those of Inoco

---

**2.** Inoco argues that even if the rule applied to this action, it could not retroactively validate service that was invalid when made. Inoco's argument confuses the effect of a change in the rule governing the procedure for making service, which might not apply to service previously com-

pleted, with a change in the rule determining the presence of personal jurisdiction. As we have said, it is the law in effect at the time of the decision that normally governs the latter determination.

with the United States, the bankruptcy judge's findings are compelling:

> Thus, these alien defendants reached out to Gulf in the United States and forged a continuing relationship with it. The alleged looting of Gulf foreseeably caused Gulf injury in the United States where it was located.... [T]he alleged injuries arise out of the defendants' purposeful direction of their activities toward the United States....

> \*    \*    \*    \*    \*    \*

> Inoco's sale of property located in Texas and New York to Gulf was activity directed to the United States ... As part of the conspiracy to loot Gulf, Inoco took control of a United States corporation.... Inoco purposefully interjected itself into the United States.

### V. Service on Rowland

Rowland contends that he was not properly served under pre-amendment Bankruptcy Rule 7004(e). That rule states that for service in a foreign country, "[t]he summons and complaint ... *may* be served as provided in Rule 4(d)(1) and (d)(3) ...." (emphasis added). Rowland was served instead pursuant to Rule 4(i). That rule, as it was in 1990, contained "Alternative Provisions for Service in a Foreign Country," and stated that a defendant in a foreign country may be served by any one of five specified methods. Rule 7004(a) further stated that Rule 4(i) applied in adversary proceedings. The district court correctly held the service under Rule 4(i) to be sufficient. Its ruling was consistent with that of other courts, finding Rule 7004(e) to be permissive, not mandatory. *See Schwinn Plan. Comm. v. AFS Cycle & Co.,* 190 B.R. 599, 608 (Bankr. N.D.Ill.1995); *Official Comm. of Unsecured Creditors of Southold Dev. Corp. v. Mittemyer,* 148 B.R. 726, 728 (Bankr.E.D.N.Y.1992); *In re Crysen/Montenay Energy Co. v. E & C Trading Ltd.,* 166 B.R. 546, 548–49 (Bankr. S.D.N.Y.1994).

## CONCLUSION

The order of the district court is AFFIRMED and the matter is REMANDED for further proceedings.