# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2537

_____

| | |
|---|---|
| In re: ADC Telecommunications, Inc. Securities Litigation | * * * * |
| _____ | |
| Wanda Kinermon, individually and on behalf of all others similarly situated; Blime Feldheim, | * * * * |
| Plaintiffs, | * * |
| Willis D. Heim; Thomas Tucker; Thomas C. Koetter, | * * * |
| Plaintiffs - Appellants, | * |
| v. | * Appeal from the United States * District Court for the * District of Minnesota. |
| William Cadogan; Robert Switz; ADC Telecommunications, Inc., | * * * |
| Defendants - Appellees. | * |

_____

Submitted: March 18, 2005
Filed: June 6, 2005

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Willis D. Heim, Thomas Tucker, and Thomas C. Koetter (collectively "Heim") filed a complaint against ADC Telecommunications, Inc., William Cadogan, and Robert Switz (collectively "ADC") under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 for allegedly disseminating materially false and misleading information to the investing public. The district court[1] dismissed the complaint, concluding that it was filed outside the relevant statute of limitations period. The issue before the district court and now on appeal, is whether Congress's enactment of the Sarbanes-Oxley Act of 2002, 28 U.S.C. § 1658(b)(1), retroactively revives stale claims brought under the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(47). We conclude that the Sarbanes-Oxley Act does not revive expired claims and affirm the district court.

## I. *Background*

The facts are not in dispute as to the timing of events in this case. Heim, along with other investors, purchased ADC common stock between November 28, 2000 and March 28, 2001. During that period, ADC allegedly made false and misleading statements regarding its revenue and business prospects. On March 28, 2001, ADC issued a press release announcing that its sales and pro forma earnings share for the second quarter in 2001 would be lower than expected. That same day, ADC stock plummeted to $8.21 per share, from an alleged period high of $26.43 on December 11, 2000. On February 26, 2003, about 23 months later, the first complaint in this case was filed.

It is also not disputed that at the time Heim's cause of action accrued on March 28, 2001, the relevant statute of limitations was one year. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991) (holding that a federal securities fraud action must be commenced "within one year after the discovery of the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

facts constituting the violation and within three years after such violation."). Thus, Heim's claim was time barred on March 28, 2002. Four months after the expiration of Heim's claim, on July 30, 2002, Congress enacted the Sarbanes-Oxley Act, and extended the statute of limitations from one year to two years from discovery. As such, Heim's February 26, 2003, complaint was filed within the statute of limitations as amended by the Sarbanes-Oxley Act. The timing of events in this case establishes one crucial fact. Heim's claims were time barred on March 28, 2002, prior to the enactment of the Sarbanes-Oxley Act. The critical issue in this case is whether the Sarbanes-Oxley Act applies retroactively, and enables Heim's February 26, 2003, complaint to revive stale claims.

## II. *Discussion*

We review the district court's determination of statute-of-limitations de novo. *Bldg. Erection Servs., Inc. v. JLG, Inc.*, 376 F.3d 800, 802 (8th Cir. 2004). Well-settled landmarks show the path for interpreting the retroactive application of a statute. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 339 F.3d 1001, 1006–07 (8th Cir. 2003). "[A] presumption against retroactive legislation is deeply rooted in our jurisprudence." *Id*. (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)). The presumption arises because "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Id*.

First, a court must determine if Congress has expressly prescribed the statute's intended reach. *Landgraf*, 511 U.S. at 280. If Congress has prescribed the reach, "there is no need to resort to judicial default rules." *Id.* Second, if Congress has not expressly stated that retroactivity applies, a court must examine whether the statute would have a retroactive effect; that is, "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* If the statute would do any

of these things, the presumption is that the statute does not govern, absent clear congressional intent otherwise. *Id.*

Part of the Sarbanes-Oxley Act, 28 U.S.C. § 1658(b), amended the prior statute of limitations by providing:

> (a) ... [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. [§] 78c(a)(47)), may be brought not later than the earlier of--
>
> > (1) 2 years after the discovery of the facts constituting the violation; or
> > (2) 5 years after such violation.
>
> (b) EFFECTIVE DATE.--The limitations period provided by section 1658(b) of title 28, United States Code, as added by this section, shall apply to all proceedings addressed by this section that are commenced on or after the [July 30, 2002,] date of enactment of this Act.
>
> (c) NO CREATION OF ACTIONS.--Nothing in this section shall create a new, private right of action.

Public Company Accounting Reform and Investor Protection Act of 2002, Pub. L. No. 107-204 § 804, 116 Stat. 745, 801 codified in part at 28 U.S.C. § 1658(b). Heim contends that the effective date provision in the statute clearly sets forth its reach and conveys a clear congressional intent to apply the statute of limitations extension retroactively. Heim relies on the statement, "this section, shall apply to all proceedings addressed by this section that are commenced on or after [July 30, 2002]." *Id*. In *Landgraf,* the United States Supreme Court concluded that a congressional statement that "all proceedings pending on or commenced after the date of enactment" amounts to "an explicit retroactivity command." *Landgraf*, 511 U.S.

at 255–56 & n.8. The effective date language in the Sarbanes-Oxley Act, while similar, fails to use the "pending on" language endorsed by *Landgraf*.

A literal reading of the Sarbanes-Oxley Act's effective-date clause would lead to a puzzling result. Specifically, stale claims filed prior to July 30, 2002, would not be revived, whereas claims filed on or after July 30, 2002, would be revived. We find this discrepancy to create an ambiguity as to the retroactive application of the Sarbanes-Oxley Act.

Because Congress did not expressly state its intent to have the Sarbanes-Oxley Act revive stale claims, we turn to the second part of the *Landgraf* test, which requires us to "determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. In this context, Heim contends that because statute of limitations are procedural in nature, a retroactive effect does not impair any rights, increase any liability, or impose new duties. This argument has been persuasively rejected. *See Enterprise Mortg. Acceptance Co., LLC, Securities Litigation v. Enterprise Mortg. Acceptance Co.*, 391 F.3d 401, 409–10 (2d Cir. 2004) (explaining that statute of limitations can take on both a procedural and substantive role and, then, holding that "the resurrection of previously time-barred claims has an impermissible retroactive effect" under *Landgraf*); *see also Chenault v. United States Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994) (holding under *Landgraf* that "a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would alter the substantive rights of a party and increase a party's liability") (internal punctuation omitted).[2]

---

[2]We must note that a retroactive extension of a statute of limitations and revival of stale claims through retroactive application of a statute of limitations are different.

The United States Court of Appeals for the Second Circuit has provided a thorough and well reasoned opinion refusing to retroactively apply the Sarbanes-Oxley Act to revive stale claims. *See Enter. Mortg.*, 391 F.3d at 407. In a more recent decision, the Seventh Circuit agreed stating, "[w]e find [*Enterprise*] persuasive and have nothing to add to the . . . explanation." *Foss v. Bear, Stearns and Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005). Furthermore, all the district courts that have addressed the issue, save the United States District Court for the Middle District of Florida, have concluded that the Sarbanes-Oxley Act does not revive stale claims. *See, e.g., Glaser v. Enzo Biochem, Inc.*, 303 F.Supp. 2d 724 (E.D. Va. 2003) *aff'd in part*, No. 03-2188, slip op. at 4 (4th Cir. March 21, 2005) (unpublished opinion); *In re Heritage Bond Litig.*, 289 F.Supp. 2d 1132 (C.D. Cal. 2003); *but see Roberts v. Dean Witter Reynolds, Inc.,* No. 8:02-CV-2115-T-26 EAJ, slip op. (M.D. Fla. March 31, 2003) (unpublished opinion). Our decision today is in accord with the majority of courts that have addressed this issue.

### III. *Conclusion*

We hold that the Sarbanes-Oxley Act does not apply retroactively to revive claims on which the prior statute of limitations had run and affirm the district court's order dismissing Heim's complaint.

HANSEN, Circuit Judge, concurring in the judgment.

I believe Congress could not have been more clear in its intent to apply § 804 of the Sarbanes-Oxley Act retroactively, but because Congress's separate intent to revive expired claims is not so clear, I concur in the court's judgment.

---

*Cf. Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999) ("When application of a new limitation period would wholly *eliminate* claims for substantive rights or remedial actions considered timely under the old law, the application is impermissibly retroactive.") (emphasis added).

-6-

Retroactive application of a new statute occurs when newly enacted legislation is applied to causes of action that have already accrued at the time of the change in law, regardless of whether or not suit has been filed. See Hughes Aircraft Co. v. U.S. ex rel. Schumer, 520 U.S. 939, 946 (1997) ("'The principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994)) (internal citations omitted)). Thus, anytime new legislation applies to causes of action that have accrued prior to the enactment of the legislation, it has a retroactive effect. This brings to mind two classes of actions that can be affected by retroactive legislation–those that have accrued and for which suit has already been filed at the time of the legislation (in other words pending cases), and those that have accrued but for which suit has not yet been filed. Congress clearly intended to apply the new statute of limitations to the second class of cases, but not the first. See Public Company Accounting Reform and Investor Protection Act of 2002, Pub. L. No. 107-204 § 804(b), 116 Stat. 745, 801 ("The limitations period provided by section 1658(b) of title 28, United States Code, . . . shall apply to all proceedings . . . that are commenced on or after the date of enactment of the Act." (emphasis added)). That Congress chose to limit the retroactive effect of the new statute's reach only to the second class of cases does not make it any less retroactive. Thus, I respectfully disagree with the court to the extent that it hinges its conclusion of no clear retroactive intent on the lack of the statute's application to pending cases. As a general proposition, I would hold that the language used by Congress in establishing the effective date of § 804 of the Sarbanes-Oxley Act clearly reflects its intent to apply the new statute retroactively, at least to those cases not yet filed.

Entirely separate from the issue of whether Congress intended to apply the statute retroactively is the question of whether Congress also intended to revive stale claims–those claims that had already expired under the one-year statute before enactment of the new legislation. "Congress can revive stale claims but must do so clearly." Resolution Trust Corp. v. Seale, 13 F.3d 850, 853 (5th Cir. 1994). Because

Congress did not express its clear intent to revive stale claims, and thus disturb the settled expectations of potential defendants who had a legal justification to rely on an expired one-year statute of limitation, I concur in the court's judgment that the Sarbanes-Oxley Act does not revive claims that had expired prior to the enactment of the Act.

_____