SMITH, Circuit Judge.
Willis D. Heim, Thomas Tucker, and Thomas C. Koetter (collectively “Heim”) filed a complaint against ADC Telecommunications, Inc., William Cadogan, and Robert Switz (collectively “ADC”) under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 for allegedly disseminating materially false and misleading information to the investing public. The district court[1] dismissed the complaint, concluding that it was filed outside the relevant statute of limitations period. The issue before the district court and now on appeal, is whether Congress’s enactment of the Sarbanes-Oxley Act of 2002, 28 U.S.C. § 1658(b)(1), retroactively revives stale claims brought under the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(47). We conclude that the Sar-banes-Oxley Act does not revive expired claims and affirm the district court.
*976 I. Background
The facts are not in dispute as to the timing of events in this case. Heim, along with other investors, purchased ADC common stock between November 28, 2000 and March 28, 2001. During that period, ADC allegedly made false and misleading statements regarding its revenue and business prospects. On March 28, 2001, ADC issued a press release announcing that its sales and pro forma earnings share for the second quarter in 2001 would be lower than expected. That same day, ADC stock plummeted to $8.21 per share, from an alleged period high of $26.43 on December 11, 2000. On February 26, 2003, about 23 months later, the first complaint in this case was filed.
It is also not disputed that at the time Heim’s cause of action accrued on March 28, 2001, the relevant statute of limitations was one year. See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (holding that a federal securities fraud action must be commenced “within one year after the discovery of the facts constituting the violation and within three years after such violation.”). Thus, Heim’s claim was time barred on March 28, 2002. Four months after the expiration of Heim’s claim, on July 30, 2002, Congress enacted the Sarbanes-Oxley Act, and extended the statute of limitations from one year to two years from discovery. As such, Heim’s February 26, 2003, complaint was filed within the statute of limitations as amended by the Sarbanes-Oxley Act. The timing of events in this case establishes one crucial fact. Heim’s claims were time barred on March 28, 2002, prior to the enactment of the Sarbanes-Oxley Act. The critical issue in this case is whether the Sarbanes-Oxley Act applies retroactively, and enables Heim’s February 26, 2003, complaint to revive stale claims.
II. Discussion
We review the district court’s determination of statute-of-limitations de novo. Bldg. Erection Servs., Inc. v. JLG, Inc., 376 F.3d 800, 802 (8th Cir.2004). Well-settled landmarks show the path for interpreting the retroactive application of a statute. See Owner-Operator Indep. Drivers Ass’n, Inc. v. New Prime, Inc., 339 F.3d 1001, 1006-07 (8th Cir.2003). “[A] presumption against retroactive legislation is deeply rooted in our jurisprudence.” Id. (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). The presumption arises because “[ejlementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.” Id.
First, a court must determine if Congress has expressly prescribed the statute’s intended reach. Landgraf, 511 U.S. at 280, 114 S.Ct. 1483. If Congress has prescribed the reach, “there is no need to resort to judicial default rules.” Id. Second, if Congress has not expressly stated that retroactivity applies, a court must examine whether the statute would have a retroactive effect; that is, “whether it would impair rights a party possessed when he acted, increase a party’s liability for past conduct, or impose new duties with respect to transactions already completed.” Id. If the statute would do any of these things, the presumption is that the statute does not govern, absent clear congressional intent otherwise. Id.
Part of the Sarbanes-Oxley Act, 28 U.S.C. § 1658(b), amended the prior statute of limitations by providing:
(a) ... [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the *977 securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. [§ ] 78c(a)(47)), may be brought not later than the earlier of—
(1) 2 years after the discovery of the facts constituting the violation; or
(2) 5 years after such violation.
(b) EFFECTIVE DATE.-The limitations period provided by section 1658(b) of title 28, United States Code, as added by this section, shall apply to all proceedings addressed by this section that are commenced on or after the [July 30, 2002,] date of enactment of this Act.
(c) NO CREATION OF ACTIONS.— Nothing in this section shall create a new, private right of action.
Public Company Accounting Reform and Investor Protection Act of 2002, Pub.L. No. 107-204 § 804, 116 Stat. 745, 801 codified in part at 28 U.S.C. § 1658(b). Heim contends that the effective date provision in the statute clearly sets forth its reach and conveys a clear congressional intent to apply the statute of limitations extension retroactively. Heim relies on the statement, “this section, shall apply to all proceedings addressed by this section that are commenced on or after [July 30, 2002].” Id. In Landgraf, the United States Supreme Court concluded that a congressional statement that “all proceedings pending on or commenced after the date of enactment” amounts to “an explicit retroactivity command.” Landgraf, 511 U.S. at 255-56 & n. 8, 114 S.Ct. 1483. The effective date language in the Sarbanes-Oxley Act, while similar, fails to use the “pending on” language endorsed by Landgraf
A literal reading of the Sarbanes-Oxley Act’s effective-date clause would lead to a puzzling result. Specifically, stale claims filed prior to July 30, 2002, would not be revived, whereas claims filed on or after July 30, 2002, would be revived. We find this discrepancy to create an ambiguity as to the retroactive application of the Sar-banes-Oxley Act.
Because Congress did not expressly state its intent to have the Sarbanes-Oxley Act revive stale claims, we turn to the second part of the Landgraf test, which requires us to “determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party’s liability for past conduct, or impose new duties with respect to transactions already completed.” Landgraf, 511 U.S. at 280, 114 S.Ct. 1483. In this context, Heim contends that because statute of limitations are procedural in nature, a retroactive effect does not impair any rights, increase any liability, or impose new duties. This argument has been persuasively rejected. See Enterprise Mortg. Acceptance Co., LLC, Securities Litigation v. Enterprise Mortg. Acceptance Co., 391 F.3d 401, 409-10 (2d Cir.2004) (explaining that statute of limitations can take on both a procedural and substantive role and, then, holding that “the resurrection of previously time-barred claims has an impermissible retroactive effect” under Land-graf); see also Chenault v. United States Postal Serv., 37 F.3d 535, 539 (9th Cir.1994) (holding under Landgraf that “a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiffs claim that was otherwise barred under the old statutory scheme because to do so would alter the substantive rights of a party and increase a party’s liability”) (internal punctuation omitted).[2]
*978 The United States Court of Appeals for the Second Circuit has provided a thorough and well reasoned opinion refusing to retroactively apply the Sarbanes-Oxley Act to revive stale claims. See Enter. Mortg., 391 F.3d at 407. In a more recent decision, the Seventh Circuit agreed stating, “[w]e find [Enterprise ] persuasive and have nothing to add to the ... explanation.” Foss v. Bear, Stearns and Co., Inc., 394 F.3d 540, 542 (7th Cir.2005). Furthermore, all the district courts that have addressed the issue, save the United States District Court for the Middle District of Florida, have concluded that the Sar-banes-Oxley Act does not revive stale claims. See, e.g., Glaser v. Enzo Biochem, Inc., 303 F.Supp.2d 724 (E.D.Va.2003) aff'd in part, 126 Fed.Appx. 593 (4th Cir.2005) (unpublished opinion); In re Heritage Bond Litig., 289 F.Supp.2d 1132 (C.D.Cal.2003); but see Roberts v. Dean Witter Reynolds, Inc., No. 8:02-CV-2115-T-26 EAJ, slip op., 2003 WL 1936116 (M.D.Fla. March 31, 2003) (unpublished opinion). Our decision today is in accord with the majority of courts that have addressed this issue.
III. Conclusion
We hold that the Sarbanes-Oxley Act does not apply retroactively to revive claims on which the prior statute of limitations had run and affirm the district court’s order dismissing Heim’s complaint.

. The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

. We must note that a retroactive extension of a statute of limitations and revival of stale claims through retroactive application of a statute of limitations are different. Cf. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir.1999) (“When application of a new limitation period would wholly eliminate claims for *978 substantive rights or remedial actions considered timely under the old law, the application is impermissibly retroactive.”) (emphasis added).